UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
NORTHERN DIVISION

| | | |
|---|---|---|
| CMH MANUFACTURING, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. _____ |
| | ) | JURY DEMANDED |
| GKD MANAGEMENT, LP d/b/a A&G | ) | |
| COMMERCIAL TRUCKING, INC.; | ) | |
| AMERICAN INTER-FIDELITY CORP.; | ) | |
| NATIONAL TRANSPORTATION | ) | |
| INSURANCE SPECIALISTS, LLC; | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

COMES NOW Plaintiff CMH Manufacturing, Inc. ("CMH") and asserts the following Complaint against Defendants GKD Management, LP d/b/a A&G Commercial Trucking, Inc. ("GKD"), American Inter-Fidelity Corp. ("American"), and National Transportation Insurance Specialists, LLC ("National"):

### PARTIES

1. CMH is a Tennessee corporation with its principal place of business at 5000 Clayton Road, Maryville, Tennessee 37804. Therefore, CMH is a citizen of Tennessee for diversity jurisdiction purposes.

2. GKD is an Arizona limited partnership whose only partner is A&G Commercial Trucking, Inc. ("A&G"). A&G is a Missouri corporation with its principal place of business at 111 Eastside Drive, Ashland, Missouri 65010. Therefore, GKD is a citizen of Arizona and Missouri for diversity purposes. GKD's registered agent for service of process is Tim Stanfill,

1

4092 US Highway 64, Crump, Tennessee 38327.

3. American is an Indiana corporation with its principal place of business at 8400 Louisiana Street, Suite 401, Merrillville, Indiana 46410. Therefore, American is a citizen of Indiana for diversity purposes. American's registered agent for service of process is Lex Venditti, 8400 Louisiana Street, Suite 401, Merrillville, Indiana 46410-0000.

4. National is a Georgia limited liability company with its principal place of business at 1051 Cambridge Square, Alpharetta, Georgia 30005. All of National's members reside in Georgia. Therefore, National is a citizen of Georgia for diversity purposes. National's registered agent for service of process is Richard D Munson, 1051 Cambridge Square, Alpharetta, Georgia 30009.

## JURISDICTION AND VENUE

5. This Court has jurisdiction pursuant to 28 U.S.C. § 1332 because the parties are completely diverse and the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

6. This Court has specific personal jurisdiction over GKD, American, and National because the claims asserted by CMH against GKD, American, and National arise out of each of their respective purposeful acts within the State of Tennessee, namely, executing contracts and procuring and issuing insurance policies in the State of Tennessee.

7. Venue is proper in the Eastern District of Tennessee pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in the Eastern District of Tennessee, namely, the execution of contracts and the procurement and issuance of insurance policies in the State of Tennessee.

## FACTS

8. On or about October 15, 2015, CMH and GKD entered into a Transportation Contract in the State of Tennessee shown by "Exhibit A" (the "Transportation Contract") hereto and incorporated herein by reference governing the relationship of GKD providing services to CMH in transporting manufactured homes manufactured by CMH.

9. In the Transportation Contract, GKD agreed to obtain commercial general and automobile liability insurance with limits of liability of not less than $5,000,000 per occurrence and agreed to name CMH as an additional insured under all liability insurance policies required under the Transportation Contract. The Transportation Contract states:

**A. CARRIER COVENANTS AND AGREES:**

\* \* \*

7. To carry insurance which includes any and all endorsements or other requirements required by all applicable laws and regulations, underwritten by an insurance company having a Best's rating of B++ or better, in the amounts required by any governmental body for the type of transportation contract covered by this Contract, but in no event less than the types and amounts of insurance set forth below:

\* \* \*

c. commercial general liability insurance including products and completed operations with limits of not less than $5,000,000 per occurrence; and

d. automobile liability insurance including non-owned and hired vehicle coverage with limits of liability of not less than $5,000,000 per occurrence.

\* \* \*

8. Carrier shall furnish written evidence of its insurance coverage to shipper and shall name Shipper as a certificate holder entitled to notice of any changes in or termination of its insurance coverage 30 days prior to the effective date of such change or termination. Carrier agrees to name Shipper as an additional insured under all liability insurance policies required of Carrier under this Contract.

3

10. Also in the Transportation Contract, GKD agreed to protect, defend, indemnify, and hold CMH harmless from all claims arising out of the transportation of manufactured homes manufactured by CMH. The Transportation Contract states:

**A. CARRIER COVENANTS AND AGREES:**

  * * *

10. To assume any and all risk and liability for injury (including, but not limited to death) to every person (including without limitation all Carrier and Shipper personnel, contractors, independent contractors, and subcontractors), and any damage, destruction or loss of any property (including, but not limited to the Homes) or equipment of Shipper, in whatever manner and by whomever and whenever occasioned, whether such injury occurs on Shipper's real property or elsewhere, arising out of, relating or incident to in any way, in whole or in part, the services performed hereunder or any activities undertaken in connection with this Contract by Carrier, its employees and personnel, any independent contractor, subcontractor, or sub-subcontractor of Carrier's or their respective employees, contractors, independent contractors, subcontractors, sub-subcontractors, agents or other representatives or anyone directly or indirectly employed by any of them or otherwise acting under any of their supervision or control (which includes, but is not limited to each and every Driver and any and all of their respective contractors, independent contractors, subcontractors, sub-subcontractors, Escorts (as herein defined) or anybody else employed, directed or paid in connection with a Driver's services).

    To the fullest extent permitted by law, to protect, defend, indemnify and hold harmless at Carrier's sole cost and expense, Shipper and its agents, officers, directors, employees, consignors and consignees from and against all claims, damages (including, but not limited to any damage, destruction or loss of any property of Shipper), suits, liabilities, costs, charges, demands, losses, injuries, fines, penalties and other expenses (including, but not limited to, any and all attorney's fees and costs associated therewith), arising out of, relating or incident to in any way, in whole or in part, (a) the services performed hereunder or any activities undertaken in connection with this Contract by Carrier, its employees and personnel, any independent contractor, subcontractor or sub-subcontractor of Carrier's or their respective employees, contractors, independent contractors, subcontractors, sub-subcontractors, agents or other representatives or anyone directly or indirectly employed by any of them or otherwise acting under any of their supervision or control (which includes, but is not limited to each and every Driver and any and all of their respective contractors, independent contractors, subcontractors, sub-

4

subcontractors, Escorts (as herein defined) or anybody else employed, directed or paid in connection with a Driver's services), (b) the failure to perform Carrier's duties and obligations under this Contract, (c) the inaccuracy of any representation or warranty of Carrier made in this Contract, (d) any action or omission, including, but not limited to the negligence, gross negligence, and willful or intentional conduct, of Carrier, or its employees and personnel, any independent contractor, subcontractor or sub-subcontractor of Carrier's or their respective employees, contractors, independent contractors, subcontractors, sub-subcontractors, agents or other representatives or anyone directly or indirectly employed by any of them or otherwise acting under any of their supervision or control (which includes, but is not limited to each and every Driver and any of their respective contractors, Escorts (as herein defined) or anybody else employed, directed or paid in connection with a Driver's services), and (e) any action or omission, including, but not limited to the negligence, gross negligence, and willful or intentional conduct, of Shipper, its employees and personal, any independent contractor or subcontractor of Shipper's or their respective employees, agents, subcontractor, sub-subcontractors, independent contractors or other representatives or anyone directly or indirectly employed or contracted by any of them or otherwise acting under any of their supervision, control or direction. The obligations herein this paragraph shall be without regard to the cause or causes, manner or place of occurrence of such claims, damages, suits, liabilities, costs, charges, demands, losses and other expenses, or whether caused in whole or in part by Carrier or shipper. This indemnify shall survive any termination or Completion of this Contract and the services provided hereunder.

11. On or about January 6, 2016, GKD through its insurance agent/broker National issued a Certificate of Liability Insurance to CMH in Tennessee shown by "Exhibit B" hereto and incorporated herein by reference. The Certificate of Liability Insurance represented that GKD held commercial general and automobile liability insurance policies issued by American with limits of $5,000,000 per occurrence for the period of October 22, 2015 through October 22, 2016.

12. The January 6, 2016 Certificate of Insurance specifically stated CMH as the Certificate Holder "is additional insured in regard to the auto liability and general liability required by contract."

13. On or about April 6, 2016, Demon Savage filed a civil action in the United States District Court for the Eastern District of Texas styled *Demon Savage v. GKD Management, LP d/b/a A&G Commercial Trucking,* Case 2:16-cv-00362 (the "Savage Litigation"), regarding personal injuries that allegedly occurred on January 13, 2016 near Mineoloa, TX as the result of transportation by GKD of a manufactured home manufactured by CMH.

14. On or about November 1, 2016, Dickie Lynn Duckworth, Jr. ("Duckworth"), while transporting a manufactured home manufactured by CMH as an employee, agent, independent contractor, or subcontractor of GKD, sustained fatal injuries near Palestine, Texas[1] as the result of a collision with a tractor-trailer being operated by Virgil Ray Dillard.

15. GKD, American, and National received notice of the November 1, 2016 accident involving Duckworth and began an immediate investigation.

16. On or about November 16, 2016, in the course of the Savage Litigation, CMH sent correspondence to GKD, American, and National placing each of them on notice that GKD had breached the Transportation Contract by, *inter alia*, failing to procure coverage for CMH as an additional insured as represented on the January 6, 2016 Certificate of Insurance. CMH advised that the acts of GKD, American, and National constituted breach of contract, negligence, and fraud making them liable for all of CMH's defense and indemnity obligations in the Savage Litigation.

17. In December 2016, American funded a settlement of the Savage Litigation, reimbursed CMH $150,000.00 in defense costs in the Savage Litigation, and took an assignment of GKD's claims against National for failure to procure insurance required under the Transportation Contract. The Certificate of Liability Insurance represented that GKD held

---

[1] Palestine, Texas and Mineola, Texas are approximately 80 miles away from each other.

commercial general and automobile liability insurance policies issued by American with limits of $5,000,000 per occurrence for the period of October 15, 2016 through October 15, 2017.

18. On or about January 5, 2017, Lynda Menning, individually and as representative of the Estate of Duckworth, filed a civil action in the 62nd Judicial District Court of Hopkins County, Texas styled *Lynda Menning et al. v. 5J Oilfield Services, LLC et al.,* Cause No. CV43193 (the "Duckworth Litigation"), asserting claims against both CMH and GKD for Duckworth's death as the result of transportation by GKD of a manufactured home manufactured by CMH.

19. On January 6, 2017, the day after the filing of the Complaint in the Duckworth Litigation, CMH sent correspondence to GKD, American, and National tendering its defense, indemnity, and additional insured coverage in the Duckworth Litigation.

20. Despite GKD, American, and National being placed on notice months prior to the filing of the Duckworth Litigation of the breach of the Transportation Contract to procure additional insured coverage for CMH, GKD, American, and National never procured additional insured coverage.

21. On or about February 2, 2017, GKD through National issued a Certificate of Liability Insurance to CMH in Tennessee shown by "Exhibit C" hereto and incorporated herein by reference.

22. The February 2, 2017 Certificate of Insurance provided to CMH after the inception of the Duckworth Litigation deleted the reference to CMH's status as an additional insured set forth in the January 6, 2016 Certificate of Insurance.

23. Despite CMH's demands, GKD, American, and National have all refused CMH's demands to defend, indemnify, and provide additional insured coverage to CMH.

7

24. GKD has sent correspondence to American stating its position that GKD owes valid defense and indemnity obligations to CMH in the Duckworth Litigation pursuant to the Transportation Contract.

## COUNT I – BREACH OF CONTRACT

### GKD

25. CMH adopts and incorporates by reference paragraphs 1 – 24 of this Complaint as if fully set forth herein.

26. In the Transportation Contract, GKD validly agreed to three separate obligations to defend, indemnify, and procure additional insured coverage for CMH.

27. Despite CMH's demands for defense and indemnity, GKD has refused to defend or indemnify CMH in the Duckworth Litigation.

28. Despite being placed on notice in the Savage Litigation that it breached the Transportation Agreement by failing to procure additional insured coverage, GKD failed to procure additional insured coverage for CMH subsequent to gaining that knowledge in the shadow of Duckworth's death giving rise to a likely lawsuit.

29. Without admitting the allegations in the Duckworth Litigation, those allegations and any judgment based thereon fall within the scope of the defense and indemnity obligations of the Transportation Contract and the additional insured coverage required to be procured for CMH pursuant to the Transportation Contract.

30. CMH has performed all of its obligations under the Transportation Contract.

31. As a result of GKD's three separate breaches of its obligations in the Transportation Contract to defend, indemnify, and procure additional insured coverage for CMH, as well as GKD's breach of the implied duty of good faith and fair dealing, CMH has suffered damages for

8

which GKD is liable, including but not limited to CMH's attorneys' fees and litigation expenses incurred in defending the Duckworth Litigation as well as any reasonable settlement or adverse judgment rendered against CMH in the Duckworth Litigation.

## COUNT II – IMPLIED INDEMNITY

### GKD

32. CMH adopts and incorporates by reference paragraphs 1 – 31 of this Complaint as if fully set forth herein.

33. Without admitting the allegations in the Duckworth Litigation, CMH has been forced to defend itself in the Duckworth Litigation due to the fault or wrongdoing of GKD.

34. Without admitting the allegations in the Duckworth Litigation, in the event CMH is found liable to Duckworth in any amount, CMH will be required to satisfy a judgment due to the fault or wrongdoing of GKD.

35. Because an obligation for GKD to defend and indemnify CMH is a necessary element of the parties' relationship and justice and fairness demand that the burden of paying for the loss be shifted to GKD as the party whose fault is qualitatively different than CMH's, CMH is entitled to recover from GKD all of its attorneys' fees and litigation expenses incurred in defending the Duckworth Litigation as well as any reasonable settlement or adverse judgment rendered against CMH in the Duckworth Litigation.

## COUNT III – AGENCY

### AMERICAN and NATIONAL

36. CMH adopts and incorporates by reference paragraphs 1 – 35 of this Complaint as if fully set forth herein.

9

37. National, as an agent or broker of insurance, with a view to compensation for its services, undertook to procure insurance for another, and justifiably and through its fault or neglect, failed to do so.

38. Pursuant to Tenn. Code Ann 56-6-115(b), National, in soliciting and negotiating an application for insurance from American, became the agent of American. Therefore, American is prevented from denying responsibility for the knowledge, actions, omissions, and representations of National.

39. CMH has suffered damages as a proximate result of National's duty, including but not limited to all of its attorneys' fees and litigation expenses incurred in defending the Duckworth Litigation as well as any reasonable settlement or adverse judgment rendered against CMH in the Duckworth Litigation for which both American and National are responsible pursuant to Tenn. Code Ann 56-6-115(b).

## COUNT IV – FAILURE TO PROCURE INSURANCE
## AMERICAN and NATIONAL

40. CMH adopts and incorporates by reference paragraphs 1 – 39 of this Complaint as if fully set forth herein.

41. National, individually and as an agent of American, undertook to procure insurance relating to GKD's business.

42. National, individually and as an agent of American, failed to use reasonable diligence in attempting to place the insurance and failed to notify the appropriate parties of the failure.

43. National and American's actions warranted CMH's assumption that it was properly insured pursuant to the Transportation Contract, particularly in light of American's response to learning of the initial failure to procure insurance in the course of the Savage Litigation.

10

44. CMH has suffered damages as a proximate result of American and National's failure to procure insurance, including but not limited to all of its attorneys' fees and litigation expenses incurred in defending the Duckworth Litigation as well as any reasonable settlement or adverse judgment rendered against CMH in the Duckworth Litigation.

## COUNT V – NEGLIGENCE

### AMERICAN and NATIONAL

45. CMH adopts and incorporates by reference paragraphs 1 – 44 of this Complaint as if fully set forth herein.

46. On or about November 16, 2016, in the course of the Savage Litigation, American and National, separately and under an agency relationship, gained institutional knowledge that the Transportation Contract required GKD to provide additional insured coverage to CMH and that no such additional insured coverage existed for CMH.

47. Because of American and National's knowledge of the breach of the Transportation Contract gained in the Savage Litigation, they each foresaw that a continued lack of additional insured coverage for CMH would damage CMH in any future litigation involving injuries arising out of transportation of homes by GKD for CMH.

48. Specifically, American and National, separately and under an agency relationship, foresaw that CMH would suffer the same damages in the Duckworth Litigation as it claimed against American and National in the Savage Litigation.

49. American and National's institutional knowledge of the continuing breach of the Transportation Contract gave rise to a duty to each of them to separately exercise reasonable care to prevent the foreseeable harm to CMH in the Duckworth Litigation (that American and

11

4231242.1
Case 3:18-cv-00519-TRM-HBG   Document 1   Filed 12/11/18   Page 11 of 17   PageID #: 11

National anticipated due to their investigation of Duckworth's death beginning November 1, 2016).

50. American and National, separately and under an agency relationship, breached the duty of care owed to CMH by failing to take any action to attempt to provide additional insured coverage for CMH despite continuing to procure and issue insurance policies to GKD (and collect premiums and commissions).

51. CMH has suffered damages as a proximate result of American and National's breach of duty, including but not limited to all of its attorneys' fees and litigation expenses incurred in defending the Duckworth Litigation as well as any reasonable settlement or adverse judgment rendered against CMH in the Duckworth Litigation.

## COUNT VI – RECKLESSNESS/GROSS NEGLIGENCE
## AMERICAN and NATIONAL

52. CMH adopts and incorporates by reference paragraphs 1 – 51 of this Complaint as if fully set forth herein.

53. The conduct of American and National, separately and under an agency relationship, demonstrates that National and American were aware of, but consciously disregarded, a substantial and unjustifiable risk to CMH of such a nature that their disregard constitutes a gross deviation from the standard of care which, under the circumstances, an ordinary actor would have exercised.

54. In particular, American and National's complete failure to act to prevent the foreseeable harm to CMH in the Duckworth Litigation that was identical to the harm CMH suffered and American resolved in the Savage Litigation demonstrates each of their conscious disregard and gross deviation from the standard of care.

55. CMH has suffered damages as a proximate result of American and National's recklessness and gross negligence, including but not limited to all of its attorneys' fees and litigation expenses incurred in defending the Duckworth Litigation as well as any reasonable settlement or adverse judgment rendered against CMH in the Duckworth Litigation.

## COUNT VII – INTENTIONAL MISCONDUCT

### AMERICAN and NATIONAL

56. CMH adopts and incorporates by reference paragraphs 1 – 55 of this Complaint as if fully set forth herein.

57. The conduct of American and National, separately and under an agency relationship, demonstrated each of their conscious objectives to engage in conduct that would cause foreseeable damages to CMH in the Duckworth Litigation.

58. In particular, this conscious objective is evidenced by the issuance of the February 2, 2017 Certificate of Insurance deleting the description of CMH as an additional insured from the January 6, 2016 Certificate of Insurance despite knowledge that such was in breach of the Transportation Contract and would harm CMH in the Duckworth Litigation.

59. In other words, rather than cure the lack of additional insured coverage listed on the January 6, 2016 Certificate of Insurance that was a known breach of the Transportation Contract that would damage CMH in the Duckworth Litigation, American and National deleted the description of CMH as an additional insured on the February 2, 2017 Certificate of Insurance.

60. CMH has suffered damages as a proximate result of American and National's intentional misconduct, including but not limited to all of its attorneys' fees and litigation expenses incurred in defending the Duckworth Litigation as well as any reasonable settlement or adverse judgment rendered against CMH in the Duckworth Litigation.

13

## COUNT VIII – UNFAIR OR DECEPTIVE ACTS AND PRACTICES

### AMERICAN and NATIONAL

61. CMH adopts and incorporates by reference paragraphs 1 – 60 of this Complaint as if fully set forth herein.

62. Among others, American and National knowingly committed the following unfair and deceptive acts or practices prohibited under Tenn. Code Ann. 56-8-101, *et seq.*:

> (a) misrepresented the benefits, advantages, conditions, or terms of the policy held by GKD;
>
> (b) used names or titles of the policy held by GKD to misrepresent the true nature of the policy;
>
> (c) knowingly made false entries in any book, report, or statement of American regarding additional insured coverage for CMH;
>
> (d) knowingly misrepresented relevant facts or policy provisions relating to additional insured coverage afforded to CMH;
>
> (e) failing to adopt and implement reasonable standards for the prompt investigation and settlement of claims arising under the policies held by GKD;
>
> (e) not attempting in good faith to effectuate prompt, fair, and equitable settlement of claims submitted in the Duckworth Litigation in which liability has become reasonably clear;

14

63. Due to American and National's unfair or deceptive acts and practices, CMH is entitled to all of its attorneys' fees and litigation expenses incurred in defending the Duckworth Litigation, any reasonable settlement or adverse judgment rendered against CMH in the Duckworth Litigation, statutory penalties, attorneys' fees and litigation expenses in this action, civil penalties, punitive damages, and interest.

## COUNT IX – CIVIL CONSPIRACY

### GKD, AMERICAN, and NATIONAL

64. CMH adopts and incorporates by reference paragraphs 1 – 63 of this Complaint as if fully set forth herein.

65. GKD, American, and National, each having intent and knowledge of the other's intent, accomplished by concert an intentional refusal to obtain additional insured coverage for CMH.

66. Specifically, despite full knowledge gained in the Savage Litigation of their combined failure to obtain additional insured coverage for CMH required under the Transportation Contract, GKD, American, and National consciously failed to resolve that failure to avoid foreseeable harm to CMH in the Duckworth Litigation of which each of them were aware.

67. The deletion of CMH's description as an additional insured on the February 2, 2017 Certificate of Insurance demonstrates that GKD, American, and National worked in concert to alter the January 6, 2016 Certificate of Insurance rather than obtain the proper coverage required under the Transportation Contract.

68. As a result of GKD, American, and National's civil conspiracy, CMH has suffered damages, including but not limited to all of its attorneys' fees and litigation expenses incurred in defending the Duckworth Litigation as well as any reasonable settlement or adverse judgment

15

4231242.1
Case 3:18-cv-00519-TRM-HBG   Document 1   Filed 12/11/18   Page 15 of 17   PageID #: 15

rendered against CMH in the Duckworth Litigation for which GKD, American, and National all are liable.

## COUNT X – REFORMATION OF INSURANCE POLICY

69. CMH adopts and incorporates by reference paragraphs 1 – 68 of this Complaint as if fully set forth herein.

70. The course of dealing, course of performance, representations, acts, and omissions of GKD, CMH, National, and American in the Savage Litigation constitute clear and cogent evidence of fraud or mistake in the drafting of the American policy issued to GKD which renders the policy different than as agreed upon by the parties.

71. In particular, American's actions in the course of the Savage Litigation upon learning of the failure of CMH to be named as an additional insured in funding a settlement of the Savage Litigation, reimbursing CMH $150,000.00 in defense costs, and taking an assignment of claims against National, demonstrates the clear intent of GKD, CMH, and American to reform the policy to include CMH as an additional insured due to this mistake or fraud.

72. In order to form the equitable result of overcoming mistake or fraud and matching the policy of insurance issued by American to GKD with the intent of the parties, this Court should reform the policy of insurance to include CMH as an additional insured and provide CMH the benefits of that policy as reformed, including reimbursement of all of its attorneys' fees and litigation expenses incurred in defending the Duckworth Litigation, as well as any reasonable settlement or adverse judgment rendered against CMH in the Duckworth Litigation.

WHEREFORE, CMH demands the following relief:

    a. Compensatory damages in excess of $500,000, including, but not limited to, reimbursement of all of its attorneys' fees and litigation expenses incurred in

defending the Duckworth Litigation and reimbursement of any reasonable settlement or adverse judgment rendered against CMH in the Duckworth Litigation;

c. Specific performance of the defense, indemnity, and additional insured provisions of the Transportation Contract;

d. A declaration that GKD, American, and/or National owe CMH defense, indemnity, and additional insured coverage in the Duckworth Litigation;

e. Reformation of the policy of insurance issued to GKD from American and the provision of all benefits of the policy as reformed to CMH;

f. Attorneys' fees and litigation expenses incurred in this action;

g. Civil penalties;

h. Punitive damages;

i. Interest; and

j. CMH demands a trial by jury.

Respectfully submitted this 11th day of December, 2018.

> WOOLF, McCLANE, BRIGHT,
>   ALLEN & CARPENTER, PLLC
>
> By: s/Robert L. Vance
>     Robert L. Vance, BPR #021733
> Post Office Box 900
> Knoxville, Tennessee 37901-0900
> (865) 215-1000
> bvance@wmbac.com
>
> *Attorney for Plaintiff, CMH Manufacturing, Inc.*